# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00263-FDW-DSC

| | |
|---|---|
| MARC BENTLEY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>) |
| ANDREW M. SAUL, | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and submissions.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 22, 2020. The Administrative Law Judge found him not disabled at step five of the sequential evaluation process based upon the Vocational Expert's testimony. (Tr. 16-27). Plaintiff assigns error to the ALJ's formulation of his Residual

Functional Capacity ("RFC").[1]  See "Plaintiff's Memorandum in Support …" at 2, 4, and 7-12 (document #12); "Plaintiff's Reply" at 2-3 (document #17).  He also argues that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT").  See "Plaintiff's Memorandum in Support …" at 2, 4-7 (document #12); "Plaintiff's Reply" at 1-2 (document #17).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations."  20 C.F.R. § 404.1545(a).  The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff was disabled[2] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The Court finds that the RFC determination here is supported by substantial evidence including Plaintiff's testimony, activities of daily living, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)). The ALJ concluded that the objective evidence did not show that Plaintiff's limitations were as severe as alleged. The ALJ considered Plaintiff's history of a 2012 cervical surgery at C5-6, but noted that in 2016, Plaintiff told his doctor he was "doing extremely well with no neck pain or upper extremity symptoms." (Tr. 22, 370). The ALJ discussed several

imaging reports, including a February 2016 thoracic radiograph showing no acute bony abnormality, fracture, or dislocation (Tr. 22, 710); May 2016 hip x-rays showing normal findings (Tr. 22, 707-708); May 2016 lumbar spine films showing mild L3 to L5 disc disease (Tr. 22, 709); September 2017 CT scan of the hips showing mild osteoarthritis and a well-healed old inferior pubic rami facture (Tr. 22, 703); and a lumbar spine CT scan showing mild degenerative disc disease at the L3-4, L4-5, and L5-S1 levels, with no stenosis or disc protrusion (Tr. 22, 705). The ALJ also considered Plaintiff's pain management treatment for myalgia, sacroiliitis, low back pain, hip trochanteric bursitis, lumbosacral spondylosis, lumbar spinal stenosis, anxiety, and chronic pain syndrome (Tr. 22). The ALJ noted that Plaintiff's pain medications were working fairly well (Tr. 22, 405) and that lumbar facet joint injections reduced his back pain (Tr. 22, 385).

The ALJ considered Plaintiff's daily activities. A Third Party Function Report completed by Plaintiff's wife states that he performed a wide range of daily activities including the ability to "maintain his personal care, help care for the dog, cook complete meals, drive, use a computer, pay bills, count change, and manage funds." (Tr. 25, 218-220). The ALJ also noted that the Report showed Plaintiff can "pay attention as long as need, finish what he started, follow instructions well, get along with authority figures or bosses well, and handle changes in routine ok." (Tr. 25, 222, 223). The ALJ's RFC determination is supported by substantial evidence and should be affirmed.

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT.

The ALJ gave the V.E a hypothetical that included "[t]his individual can do simple, one, two step tasks, essentially unskilled work with a reasoning level of 2 and including 3." (Tr. 60). In response, the V.E. identified reasoning level 2 jobs that Plaintiff could perform. The ALJ asked

the V.E if her testimony was consistent with the DOT. (Tr. 61) She replied in the affirmative. The ALJ found that the V.E.'s testimony was consistent with the DOT. (Tr. 26).

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that the jobs requiring a DOT reasoning level of two conflict with the RFC limitation to "simple, one, two step tasks." The Fourth Circuit has recently held that a reasoning level of 2 conflicts with a limitation to simple instructions. See Thomas v. Berryhill, 916 F.3d 307, 314 (4th Cir. 2019). But limitations to simple instructions do not equate to limitations to simple, routine, repetitive tasks. Lawrence v. Saul, 941 F.3d. 140, 143 (4th Cir. 2019) (there is no apparent conflict between "simple, routine repetitive tasks of unskilled work" and reasoning level 2); Lambert v. Berryhill, No. 5:18-CV-00028-RJC-DSC, 2019 WL 1354038, at *5–6 (W.D.N.C. Mar. 26, 2019) ("[A] meaningful difference exists between a limitation to perform only simple, repetitive, routine tasks . . . and a limitation to only receive and follow short, simple instructions—

the RFC limitation in Thomas. The first limitation accounts for a claimant's ability to perform certain job tasks while the second limitation accounts for a claimant's ability to comprehend job tasks. Thomas is distinguishable from the case at bar"); Beasley v. Berryhill, No. 1:17-CV-00294-RJC, 2019 WL 1330928, at *4 (W.D.N.C. Mar. 25, 2019) (same). Accordingly, this assignment of error must also be overruled.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and the Commissioner's decision be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections

to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: July 29, 2021

_____

David S. Cayer
United States Magistrate Judge