UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:20-CV-00263-FDW

| | |
|---|---|
| MARC BENTLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| KILOLO KIJAKAZI, *Acting Commissioner* ) | |
| *of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Marc Bentley's Motion for Summary Judgment, (Doc. No. 11), Defendant Commissioner's Motion for Summary Judgment, (Doc. No. 15), and Magistrate Judge David S. Cayer's Memorandum and Recommendation ("**M&R**"), (Doc. No. 18), which recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. On August 2, 2021, Plaintiff timely filed her objections to the M&R, (Doc. No. 19). Defendant failed to respond; Therefore, this matter is now ripe for review.

For the reasons set forth below, the Court SUSTAINS IN PART Plaintiff's Objections, DECLINES to adopt the M&R, GRANTS IN PART Plaintiff's Motion for Summary Judgment, and DENIES Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff does not assert any specific objections to the procedural history and factual

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

background set forth in the M&R. Having conducted a careful review of these portions of the M&R, the Court finds the M&R's treatment thereof is correct and supported by the record.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note) (holding when there is no objection, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").  Accordingly, the facts and portion of the M&R entitled "Procedural History" are hereby adopted and incorporated by reference as if fully set forth herein.  See (Doc. No. 18, p. 1).  Because the procedural posture before this Court is different than that of the magistrate judge, however, the Court provides a short review of the applicable legal authority for reviewing an M&R.

## II.     STANDARD OF REVIEW

**A.     Review of the Commissioner's Determination**

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09–cv–412–FDW–DSC, 2011 WL 1239800, at *2 (W.D.N.C. Mar. 30, 2011).  Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."  Hays, 907 F.2d at 1456; see also Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence that a reasonable mind

2

Case 1:20-cv-00263-FDW-DSC   Document 20   Filed 03/31/22   Page 2 of 8

might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

**B.     Review of the Memorandum and Recommendation**

The Federal Magistrate Act states a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond, 416 F.3d at 315. Objections to an M&R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (alteration in original) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "General or conclusive objections result not only in the loss of de novo review by the district court, but also in the waiver of appellate review." Brock v. Colvin, No. 2:13–cv–0039–FDW–DSC, 2014 WL 5328651, at *3 (W.D.N.C. Oct. 20, 2014) (quoting Thompson v. Covenant Transp., Inc., No. 1:07-cv-275, 2008 WL 4372789, at *6 (W.D.N.C. Sept. 22, 2008)).

### III.     ANALYSIS

As set forth above, in this case, the M&R recommends: (1) Plaintiff's Motion for Summary

Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; and (3) the Commissioner's decision be affirmed. (Doc. No. 18). The Magistrate found there was "substantial evidence to support the [Administrative Law Judge's (the "**ALJ**")] treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled." Id. at p. 7. Plaintiff now asserts two objections to the M&R. (Doc. No. 19). First, Plaintiff objects to the Magistrate's findings that there was no conflict, apparent or otherwise, between the ALJ's findings of fact and the jobs cited at Step Five of the sequential evaluation process (the "**SEP**"). Id. at 1-3. Second, Plaintiff objects to the M&R's finding that the ALJ's residual functional capacity ("**RFC**") is supported by substantial evidence. Id. at 3-4. The Court applies *de novo* review.

As correctly set forth in the M&R,

> In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the [Vocational Expert's (the "**V.E.**")] testimony and the [Dictionary of Occupational Titles (the "**DOT**")]. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).
>
> It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

(Doc. No. 18, p. 6).

With respect to Plaintiff's first objection, Plaintiff asserts the ALJ's inclusion of a limitation to "simple, unskilled one-to-two step tasks" in the RFC conflicts with the jobs listed later in the ALJ's decision which are all reasoning level of two and require, per the DOT, that an individual be capable of carrying out "detailed but uninvolved written or oral instructions." (Doc. No. 19, p. 1). Instead,

4

Plaintiff contends the RFC appears to limit Plaintiff to performing the definitional requirements of reasoning level one, which only requires that an individual be capable of "carry[ing] out simple one- or two-step instructions." DOT, App'x C § III. Accordingly, Plaintiff asserts the ALJ erred in failing to resolve the apparent conflict between the RFC and the jobs cited by the ALJ. (Doc. No. 12, pp. 4-7). In addition, in his Objection, Plaintiff asserts the Magistrate erred in its application of Thomas v. Berryhill, 916 F.3d 307, 314 (4th Cir. 2019) and Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019), and conclusion that no conflict exists between the ALJ's RFC and the jobs cited at Step 5 of the SEP. (Doc. No. 19, p. 2). The Court agrees.

In the M&R, the Magistrate explains and appears to base its findings on the assumption that "tasks" and "instructions" can never be synonymous. See (Doc. No. 18, pp. 6-7). In this way, the M&R provides, "limitations to simple instructions do not equate to limitations to simple, routine, repetitive tasks." Id. at 6 (citing Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019)). Although the Court agrees that "tasks" and "instructions" are not *per se* synonymous, the Fourth Circuit has explained, "in some instances, 'tasks' and 'instructions' may, in fact, be synonymous." Lawrence, 941 F.3d at 144n.7. Indeed, in Lawrence, the Fourth Circuit assumed that tasks and instructions were synonymous for purposes of its analysis. Id. at 143. Here, neither the ALJ nor the V.E. discussed why tasks and instructions for the jobs cited by the ALJ – hospital cleaner, laundry worker, and washer – are not synonymous. See (Tr. 26, 59-61). Similarly, the M&R does not sufficiently explain why tasks and instructions in the cited jobs are not interchangeable in the present case. See (Doc. No. 18, pp. 6-7).

In any event, here, the conflict Plaintiff raises arises not specifically from the words "tasks" and "instructions," but from the incongruity between "*one-to-two step*," as set forth in the ALJ's RFC, and "detailed … instructions," as set forth in the DOT's reasoning level of two. In Thomas, the Fourth

5

Circuit found an apparent conflict exists between "short" instructions and "detailed" instructions. Thomas v. Berryhill, 916 F.3d 307, 314 (4th Cir. 2019) ("We believe that Thomas, being limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions…. We remand so that the ALJ can resolve the conflict in accordance with the Administration's regulations."). Later in Lawrence, the Fourth Circuit opined, "'[s]hort' is inconsistent with 'detailed' because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include." Lawrence, 941 F.3d at 143. The Lawrence Court also explained,

> … detailed instructions are, in the main, less correlated with complexity than with length. **Instructions often include many steps**, each of which is straightforward. Driving directions are a good example: they may prescribe many turns, but the turns are generally easy to make, and the route rarely changes, making the directions simple, routine, and repetitive. Further, there is no conflict between "simple" and "uninvolved" instructions, as both connote instructions that "are not complicated or intricate." … Finally, "routine" and "repetitive" tasks may involve a few variables, just as driving directions may vary if a road is closed.

Id. (citation omitted) (emphasis added). Ultimately, as the Magistrate explained, the Lawrence Court held there is no inconsistency between an RFC to perform jobs limited to "simple, routine repetitive tasks of unskilled work," and reasoning level two's notions of "detailed but uninvolved … instructions." Id. Based on the Fourth Circuit's analysis in Lawrence, however, it is clear that detailed instructions, and indeed, instructions in general, often include "many steps". Id.

Here, as Plaintiff points out, the limitation at issue is not, as in Lawrence, "simple, routine repetitive tasks of unskilled work." Instead, the ALJ limited Plaintiff to performing "simple, unskilled *one-to-two step* tasks." (Tr. 20-21, 59-61). Based on its review of the record and relevant law, the Court finds "one-to-two step," as used in the ALJ's RFC, directly conflicts with the "many steps" that often encompass instructions. Moreover, the phrase "one-to-two step" is akin to "short," because it is correlated primarily with length and not complexity.[2] As discussed above, the Fourth Circuit has

---

[2] See Merriam-Webster. (n.d.) Short. In *Merriam-Webster.com dictionary*. Retrieved March 31, 2022, from https://www.merriam-webster.com/dictionary/short. (Defining "short" as "having little length" and "not extended in

6

Case 1:20-cv-00263-FDW-DSC    Document 20    Filed 03/31/22    Page 6 of 8

found the terms "short" and "detailed" also conflict. See Thomas, 916 F.3d at 314; Lawrence, 941 F.3d at 143. Accordingly, the Court finds there is an apparent conflict between Plaintiff's RFC limitation to "simple, unskilled, *one-to-two step* tasks" and the express language of the DOT's reasoning level two requirement to carry out "detailed … instructions." Because the ALJ failed to resolve this apparent conflict, the ALJ did not fully develop the record or provide substantial evidence for denial of benefits. See Pearson, 810 F.3d at 211. The Court therefore remands to allow the ALJ to resolve the conflict in accordance with the Administration's regulations.

## IV. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to his other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error in dicta here,[3] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the

---

time: BRIEF.").

[3] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

7

civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that the Court SUSTAINS IN PART Plaintiff's Objections, (Doc. No. 19), and DECLINES to adopt the M&R, (Doc. No. 18).

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is GRANTED in part; Defendant's Motion, (Doc. No. 15), is DENIED; and the ALJ's determination is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

Signed: March 31, 2022

Frank D. Whitney
United States District Judge